Jorge Marcelo MAZZINI and, Graciela Alejandra Chersicla, Alberto Haber Valerio Piacenza, Compania Calitecno S.A., Heinrich Peter Zum Felde, Ana Valeria Baravalle and Pablo Alejandre Baravalle, Ezequiel Hernan Baclini and, Patricia Ruth Caronna, Juan Jose Rizzo and, Claudia Aurora Sabatini Bartra and Lidia Julia Mancini, Jose Alberto Landi, Salvador Saddemi and, Maria Teresa Lepone and Sergio Saddemi, Hernan Taboada, Susana Frasca, Norberto Pablo Giudice, Susana Lauria, and Guillermo Dotto, Jorge Manuel Taboada, Maria Del Carmen Escudero, Enrique Cohen and, Estrella Bety Rosas De Cohen and, Debora Reina Cohen, Corbins Trade S.A., Kinburg Trust S.A., Luigi Giocomazzi and, Luciana Pedrolli, Patrizia Giacomazzi and, Michelle Stagnitto, Claudio Miguel Matheou, Hugo Masini and Viviana Noemi Touron, Jorge Guillermo Domato, Imperial Bylidol, S.A., Dario Alberto Pardal, Paula Mastronardi, Horacio Alberto Vazquez and Liliana Cebrowski, Ana Valeria Baravalle, Marcelo Eduardo Prima, Adrea Fabiana Fucito, Diego Pedro Peluffo, Felecitas Florencia Fox Anasagasti, Juan Omar Giovachini, Lilia Angelica Parisi, Omar Adrian Cayre, Maria Beatriz Neveu, Orfelio Cayre, Maria E. De Leon, Guillermo Almanza, Felicitas C. Von Gromann, Andria Caleffa, Jose Oscar Mittelman, Tralove Company S.A., Maura Maletti, Robert Virgillo Sauro, Rita Leso, Rodolfo Alberto Gil, Francisco Eduardo De La Merced, Makapyan S.R.I, Francisco Jose Mechura, Graciela Donnantuoni, Sergio Daniel Salama, Hizel Salama, Nestor Salama, Bernardo G. Ferman, Feysol S.A., Compagnie Francaise D'Investissements S.A., Renee Noella Vasquez De Valle, Maria Lucilia Valle, Maria Susano Pagano, Carlos Alberto Lagos, Guillermo Carlos F. Centeno, Julio Hector Krasuk, Carlos Alberto Muraca, Maurizo Giove, Patrizia Valeri, Andrea Ronzon, Silva Falomo, Vittorio Giannattasio, Monica Giannattasio, Jose Alberto Landi, Manuel G. Guillen, Beatriz A. Castano, Monica Haydee Graciotti, Lisandro Roberto Arturo Moro, Abel Vincente Santana, Maria Claud Mangialavori, Horacio Alberto M. Sanchez Caballero, Ricardo Sanchez Caballero, Susana Molino Gowland,

908

Attilio De Rosa, Thea Pina Gorgone, Allssandra Padoan, Gloria Padoan, Pierlugi Padoan, Lucio Sperandio, Maristela Toninello, Luigi Padoan, Dolly Esther Cubasso, Jorge Horacio Rosini, Alicia Ester Salvador, Alejandro Enrique Fernandez, Jesus Jerge Otani, Lucio Ramon Mur, Miguel Limoli, Isabel Evangelina Bevassi, Guido Debiasi, Denchu Investment Corporation, Hector Manuel Moldes, Livia Diaz, Nelson Dante Luciano, Dante Luciano, David Adrian Luciano, Mercedes Feliu, Oscar Raul Clavijo, Ana Maria Aurora Otero, Pedro Kalbermann, Eva Sondermann, Pablo Kalbermann, Carlos Alberto Bruzzone, Italia Camato, Franco Pezze, Tiziano Sasselli, Giovanno Ferro, Graziella Bonadiman, Salvatore Melchionda, Osvaldo Lorenzo Sauco, Daniel Horacio Rolfo, Alicia Evella Galiani, Maria Agustina Sauco, Maria Griselda Sauco, Maria Florencia Sauco, Maria Mercedes Sauco, Griselda Teresa Dulevich, Maria Fausta Cilli, Colombo Masi, Luis Pedro Bivort, Maria Elena Pelayo, Valentina Etchart, Simona Staccioli, Giampaolo Montino, Renata Boscariol, Maurizio Sergi, Fiorenzo Faccioni, Patrizia Storari, Leonardo Hilario Simone, Carlos Arturo Jose Ulla and Decio Carlos Francisco Ulla, Eduardo Andres Franceschi, Livio Ramon Mazzola, Bradford Promotions, S.A., Hamburg Consulting Inc., Raimondo Iallonardo, Pierino Gustavo Garrafa, Estrella Victoria Cohen De Benevet, Carlos Jesus Sendin, Eduardo Gibson, Francisco Oscar Basso, Franca Maria Antonione, Carla Esperanza Antonione, Florencio Perez, Ana Elvira Chovan, Victor Alejandro Vallarella, Juan Carlos Vicente Greco, Cecilia Del Carmen Calderone, Myriam Cleriz Martin, Ramon Oscar Zubielqui, Hernan Ramiro Zubielqui, Maria Florencia Zubielqui, Andrea Gabriela Vivier, Enrique Cohen, Sara Noemi Cohen, Gellxon Corporation, S.A., Maria Isabel Berrando, Graciela M. Zubasti, Marcelo Hernan Beloqui, Adolfo Sanchez Blanco, Liliana Calvo, Rafeal Antonio Salamanca and Silvina Maria Del Valle Marchiori, Susana Etevob, Juan Jose Rizzo, Lis Carina Medina, Hector Anibal Perez, Nelida Guarnieri, Laura Corolina Perez, Jaun A. Jose, Patricia Dalla Verde, Jose Luis Marcelo Guatrini, Mario Alberto Ruiz, Farigold Trade S.A., Claudio Norberto Martinez, Lilana Graciela Doval, Francisco De Gamboa, Cecilia Peluffo, Javier I. Gamboa, Ignacia De Gamboa, Rafeal De Gamboa, Silvia Alcira Murillo de Gerbert, Laynel Corporation, Marland Int'l, Witkron, S.A., Golsun, S.A., Grenfield Int'l, Gamatown Corp., S.A., Claudia Aurora Sabatina Bartra, Maria Alejandra Terra Risso and Enrique Antonio Julio Gerbert, Plaintiffs–Appellees,

v.

REPUBLIC OF ARGENTINA and the Province of Buenos Aires, Defendants–Appellants.

Nos. 06–2966–cv(L), 06–4131–cv(CON), 06–4133–cv(CON), 06–4135–cv(CON), 06–4142–cv(CON), 06–4144–cv(CON), 07–0508–cv(CON), 07–0691–cv(CON).

United States Court of Appeals, Second Circuit.

June 30, 2008.

Christopher P. Moore (Carmine D. Boccuzzi, Jonathan I. Blackman, of Counsel) Cleary Gottlieb Steen & Hamilton LLP, New York, NY, for Appellants.

Joel A. Chernov (Marc S. Dreier, Regina M. Alter, on the brief), Dreier LLP, New York, NY, for Appellees.

PRESENT: ROGER J. MINER and JOSÉ A. CABRANES, Circuit Judges, RICHARD M. BERMAN,* District Judge.

### SUMMARY ORDER

Defendants-appellants appeal from the entry of judgments following the District Court's grant of summary judgment to the plaintiffs-appellees in each of the cases consolidated in this appeal. Plaintiffs are a subset of the approximately 800 individuals who claim to be beneficial owners of bonds issued by defendants and have filed suit to obtain unpaid interest and principal on the bonds. On appeal before our Court, defendants argue that the evidence submitted by plaintiffs was defective and insufficient to establish their ownership of the bonds at issue. They also contend that the District Court should have granted their request for additional discovery on the issue of plaintiffs' ownership. We assume the parties' familiarity with the facts and procedural history of the case.

We review the District Court grant of summary judgment *de novo. See, e.g., Mack v. Otis Elevator Co.*, 326 F.3d 116, 119 (2d Cir.2003). We review evidentiary and discovery rulings for an abuse of discretion. *See, e.g., Silverstein v. Chase*, 260 F.3d 142, 145 (2d Cir.2001).

We conclude that the disputed evidence establishing plaintiffs' ownership of the bonds was properly admitted. "[T]he determination of whether, in all the circumstances, the records are sufficiently reliable to warrant their admission in evidence is left to the sound discretion of the trial court," and defendants have presented no reason to question the District Court's exercise of discretion here. *Potamkin Cadillac Corp. v. B.R.I. Coverage Corp.*, 38 F.3d 627, 633 (2d Cir.1994).

We reject the argument that the account statements, computer printouts of the account statements, and custodial letters were inadmissible hearsay. Defendants argue that the account statements were not business records within the meaning of Federal Rule of Evidence 803(6) (business records exception to the hearsay rule) and that the custodial letters similarly do not satisfy the business records exception because they were issued in connection with this litigation and were not records prepared "in the course of a regularly conducted business activity," *see* Fed.R.Evid. 803(6). The disputed account statements were regularly produced in the normal course of business and were properly admitted. The computer print-outs of account statements were admissible under Rule 803(6) because the "original computer data compilation was prepared pursuant to a business duty in accordance with regular business practice." *Potamkin*, 38 F.3d at 632. The custodial letters also satisfy the business records exception because they were prepared in the normal course of business and in accordance with Argentinian law. *See* Fed.R.Evid. 803(6). The fact that they were prepared at the

---

request of plaintiffs for the purpose of litigation does not undermine the District Court's determination of reliability.[1] We reject as lacking in merit the contention that the custodial letters were otherwise unreliable because defendants have provided no evidence to support these assertions of unreliability.

Having determined that the plaintiffs submitted sufficient evidence to establish ownership of the bonds, any further discovery request on this issue was properly denied.[2]

After our review of the parties' briefs, the record, and oral argument, we reject defendants' remaining arguments as lacking in merit.

For the reasons stated above, the judgments are **AFFIRMED**.

---

1. We also note that these documents were likely admissible under the "residual exception" to the hearsay rule. *See* Fed.R.Evid. 807.

2. Plaintiffs also argue that defendants should be equitably estopped from challenging the evidence submitted to establish ownership of the bonds because defendants agreed that this evidence should be sufficient. We need not address this argument because the evidence was sufficient to establish ownership.